UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUIS ANTONIO ADRIAN GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH, et al.,<br><br>Respondents. | CAUSE NO. 3:26-CV-708-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Luis Antonio Adrian Gomez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1.

Mr. Adrian Gomez is a citizen of Venezuela who entered the United States without admission or inspection in 2023. ECF 8-2 at 3. He was arrested by Customs and Border Patrol (CBP) in Texas and served with a Notice to Appear. *Id.* at 8. CBP then released him on an order of recognizance. *Id.* at 3. On May 10, 2026, Mr. Adrian Gomez was arrested and charged with a marijuana-related offense. *Id.* On May 21, 2026, he was transferred to the custody of United States Immigration and Customs Enforcement (ICE) pursuant to a warrant. *Id.* at 4. ICE revoked his order of recognizance and issued a "Cancellation of Form I-220A," which was signed by an Assistant Field Office Director. *Id.* at 7. Mr. Adrian Gomez is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings.

In his habeas petition, Mr. Adrian Gomez states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates applicable statutes and the Due Process Clause of the Fifth Amendment. He seeks immediate release from custody or any other relief the court deems just and proper.

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. ECF 4. The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." *Id.* at 3. The Respondents answered the petition (ECF 8), and Mr. Adrian Gomez filed a reply (ECF 13).

After the show cause order issued, the Seventh Circuit joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission'" fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond

hearings subject to the INA's other requirements."[1] *Cirrus Rojas v. Olson*, ___F.4th___, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.).

In light of this intervening decision, the Respondents filed a supplemental response conceding that Mr. Adrian Gomez's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized bond hearing. ECF 14. The Respondents nevertheless argue that Mr. Adrian Gomez "still must move the immigration court for the hearing and exhaust his administrative remedies." *Id.* at 1-2. Mr. Adrian Gomez filed a supplemental response agreeing he is detained under § 1226, but he did not address the Respondents' exhaustion argument. *See* ECF 15. Nor did

---

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin,* ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

he address exhaustion in his response to the order to show cause, despite the Respondents raising the issue. *See* ECF 13.

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

As discussed, Mr. Adrian Gomez does not respond to the government's exhaustion argument. Perhaps he thought exhaustion might be futile because of the agency's long-standing position on § 1225(b)(2), but in light of the Seventh Circuit's recent opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Respondents concede that he is entitled a bond hearing (ECF 14), and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Although he asks for outright release, it is for the Attorney General to decide in the first instance whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal

court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). In these circumstances, the appropriate course is to require Mr. Adrian Gomez to pursue a bond request in his removal proceedings. Unless he is found categorically ineligible for bond after requesting a custody redetermination by an immigration judge, it is premature for him to seek federal habeas relief.[2]

For these reasons, the petition (ECF 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on August 27, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

[2] In addition to arguing he was improperly detained under 8 U.S.C. § 1225(b)(2), Mr. Adrian Gomez raised a second argument in his habeas petition—that the revocation of his parole was invalid because he was not given advanced notice and the "Cancellation of Form I-220A" was signed by an Assistant Field Office Director, who he contends is not authorized to terminate parole under the applicable regulations. Mr. Adrian Gomez does not address whether he was required to exhaust any available administrative remedies before raising this argument in a federal habeas petition. *See* ECF 13. The court therefore declines to address the claim at this juncture. Respondents concede that Mr. Adrian Gomez is entitled to a custody redetermination hearing before an immigration judge, and he remains free to raise the issue there to the extent the immigration judge has authority to consider it. *See Demore v. Kim*, 538 U.S. 510, 514 (2003) (explaining that an alien may raise at a custody hearing "any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category"); *Matter of Joseph*, 22 I. & N. Dec. 799, 805–06 (BIA 1999). The court expresses no opinion as to whether the immigration judge has authority to adjudicate the validity of the parole revocation. *See Matter of Arambula-Bravo*, 28 I. & N. Dec. 388, 394–95 (BIA 2021) (stating that immigration judges lack authority to review decisions terminating parole, while separately determining whether the document served on the alien was legally sufficient to effectuate termination).